NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>            *Plaintiff*,<br><br>   v.<br><br>MICHELLE NICOLETT AND LEWIS LLC d/b/a BLACK N' WHITE BAR & LOUNGE; LILIA BARAHONA a/k/a LILIA LUCIANO; JOHN DOES 1-10; and ABC CORPS. 1-10,<br><br>            *Defendants*. | Civil No.: 20-cv-12689 (KSH) (CLW)<br><br>**OPINION** |

**KATHARINE S. HAYDEN, U.S.D.J.**

This matter comes before the Court on the motion (D.E. 10) of plaintiff G & G Closed Circuit Events, LLC for default judgment against defendants Michelle Nicolett and Lewis LLC d/b/a Black N' White Bar & Lounge ("Black N' White Bar") and Lilia Barahona a/k/a Lilia Luciano (together, the "defendants"). Plaintiff alleges that defendants, without authorization, broadcast a 2017 championship boxing match as to which plaintiff had exclusive distribution rights.

**I. BACKGROUND**

The complaint alleges as follows. Plaintiff is a California corporation with a principal place of business in Henderson, Nevada. (D.E. 1, Compl. ¶ 5.) It is a closed-circuit commercial distributor and licensor of sports and entertainment programming. (*Id.* ¶ 23; D.E. 10-1, Gagliardi Aff. ¶ 3.) Plaintiff had the exclusive

1

nationwide commercial distribution rights to exhibit, at commercial outlets, the September 16, 2017 telecast of a boxing match entitled *Gennady Golovkin v. Saul Alvarez, IBF World Middleweight Championship Fight Program* (the "Program"), and it sublicensed to various commercial entities the limited right to publicly exhibit the Program at their establishments. (Compl. ¶¶ 19-20; Gagliardi Aff. ¶ 3 & Ex. A.)

Black N' White Bar is a limited liability company organized under the laws of New Jersey with a bar in Passaic, New Jersey, and Barahona is alleged to have been the sole owner, president, managing member, agent, license holder, and supervisor of the activities at the Black N' White Bar establishment at all times relevant to this action. (Compl. ¶¶ 6-12.) On September 16, 2017, Black N' White Bar purportedly unlawfully intercepted and broadcast the Program at Barahona's direction, or with her knowledge, despite having no authorization from plaintiff to do so. (*Id.* ¶ 13, 28-30.) Plaintiff claims that this broadcast resulted in income and increased profits for Barahona and Black N' White Bar. (*Id.* ¶¶ 15, 17.) The license fee for an establishment of Black N' White Bar's capacity to lawfully broadcast the Program would have been $5,000. (Gagliardi Aff. ¶ 8 & Ex. C.)

On September 14, 2020, plaintiff filed its complaint against defendants. The complaint asserts claims for violations of 47 U.S.C. § 605 (Count One) and, in the alternative, 47 U.S.C. § 553 (Count Two), as well as common law claims of unlawful interference with prospective economic advantage (Count Three) and unlawful interference with contractual relations (Count Four). Defendants were duly served

(D.E. 4, 7), but have not answered or otherwise responded to the complaint. As a result, the Clerk entered default against both defendants on May 14, 2021. Plaintiff has now moved for default judgment (D.E. 10), and relies on an affidavit of Nicolas J. Gagliardi, plaintiff's president (D.E. 10-1, Gagliardi Aff.), a certification of counsel (D.E. 10-3, Peters Certif.), and a brief (D.E. 10-4, Moving Br.). Plaintiff seeks judgment only on Count One, for violation of 47 U.S.C. § 605, in the amount of $40,000, and also requests 30 days to submit its "request for full costs, including reasonable attorneys' fees." (Peters Certif. ¶¶ 7-9.)

## II. LEGAL STANDARD

The Court may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (Kugler, J.) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Although cases are to be decided on their merits where practicable, whether to grant a motion for default judgment is "largely a matter of judicial discretion." *Id.* In ruling on the motion, the Court accepts the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Id.* at 535-36 (citations omitted).

3

In addition to determining that the facts state a legitimate cause of action and that the movant has established its damages, the Court must "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (Ackerman, J.) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). The Court must also be satisfied that it has subject matter and personal jurisdiction, and that the defendant was properly served. *See Joe Hand Promotions, Inc. v. Batra*, 2017 WL 838798, at *2 (D.N.J. Mar. 2, 2017) (Vazquez, J.).

### III. <u>ANALYSIS</u>

The threshold requirements for entry of default judgment are met here. The Court has subject matter jurisdiction over plaintiff's 47 U.S.C. § 605 claim. 28 U.S.C. § 1331; 47 U.S.C. § 605(e)(3). Plaintiff's service of process on resident defendants within New Jersey suffices for in personam jurisdiction. Fed. R. Civ. P. 4(k)(1)(A); N.J. Ct. R. 4:4-4(a)(1), (6). Plaintiff personally served Barahona on December 10, 2020 and Black N' White Bar, via its agent, on January 16, 2021. (D.E. 4, 7.) *See* Fed. R. Civ. P. 4(e), (h). Defendants have not answered or otherwise responded to the complaint, and default has been entered by the Clerk against them.

Plaintiff has also stated a claim under 47 U.S.C. § 605, and the record suggests no meritorious defense.[1]  Section 605(a) prohibits the unauthorized interception and publication of communications, and three elements must be established to state a claim: "(1) interception of a satellite transmission or broadcast, (2) lack of authorization, and (3) publication."  *J&J Sports Prods. v. Ramsey*, 757 F. App'x 93, 95 (3d Cir. 2018).  Here, plaintiff's submissions satisfy these requirements.  Plaintiff held "the exclusive commercial exhibition (closed circuit) licensing rights" to distribute the Program in venues such as Black N' White Bar, and did not sublicense those rights to Black N' White Bar.  (Gagliardi Aff. ¶¶ 3-4, 7 & Ex. A; Compl. ¶¶ 19-20, 29.)  Black N' White Bar thus lacked authorization to broadcast the Program.  Nonetheless, it did so.  (Compl. ¶¶ 26, 28-30; Gagliardi Aff. ¶ 7 & Ex. B.)  When plaintiff's investigator visited Black N' White Bar, the Program was being shown on the bar's seven televisions, and 40 patrons were present.  (Gagliardi Aff. Ex. B.)

The predicates for imposing individual liability on Barahona are also met.  Plaintiff must show that Barahona had "the right and ability to supervise the violative activity, although [s]he need not actually be supervising, because [s]he need not know of the violative activity," as well as "a direct financial interest in the violation, *i.e.*, financial benefits, even if not proportional or precisely calculable, that directly flow from the violative activity."  *Ramsey*, 757 F. App'x at 95 (quoting *Joe Hand Promotions,*

---

[1] Plaintiff is not seeking judgment or relief on its remaining claims, and the Court therefore need not evaluate the legal sufficiency of Counts Two, Three, and Four.

*Inc. v. Yakubets*, 3 F. Supp. 3d 261, 296 (E.D. Pa. 2014)). The complaint alleges Barahona's status as sole owner, president, managing member, agent, and license holder of Black N' White Bar, and as having the ability to control the activities in that establishment and a direct financial interest in those activities. (Compl. ¶¶ 8, 10-18.) *Accord Batra*, 2017 WL 838798, at *1 n.1.

The remaining factors also weigh in favor of default judgment. Defendants' failure to appear or to file any response to the complaint has prevented plaintiff from prosecuting this action and obtaining relief, to its prejudice. *See Joe Hand Promotions, Inc. v. Old Bailey Corp.*, 2018 WL 1327108, at *2 (D.N.J. March 15, 2018) (McNulty, J.); *Batra*, 2017 WL 838798, at *3 ("[W]ithout a default judgment, Plaintiff has no other means to seek relief for the harm allegedly caused by Defendants."). And "[a]bsent any evidence to the contrary, 'the Defendant's failure to answer evinces the Defendant's culpability'" in the default. *Old Bailey Corp.*, 2018 WL 1327108, at *2 (quoting *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011)). No such evidence of a reason other than defendants' "willful negligence" is present here. *See id.*

With respect to damages, the statute permits a plaintiff to elect between actual and statutory damages. 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II). If the plaintiff elects to seek statutory damages, it may recover no less than $1,000 and no more than $10,000, "as the court considers just." *Id.* § 605(e)(3)(C)(i)(II). Here, plaintiff has elected to

6

seek statutory damages, and seeks $10,000 under 47 U.S.C. § 605(e)(3)(C)(i)(II). (*See* Peters Certif. ¶ 8; Moving Br. 10.)

If the Court finds that the statutory violation was committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain," it may, in its discretion, increase the damages award, "whether actual or statutory, by an amount of not more than $100,000 for each violation." *Id.* § 605(e)(3)(C)(ii). Plaintiff seeks $30,000 under this section. (*See* Peters Certif. ¶ 8; Moving Br. 10.)

In the absence of an established formula for determining the appropriate amount of damages to be awarded for § 605 violations (Moving Br. 15), the Court looks to actual damages as a persuasive metric, as other courts in this district have done, *see, e.g.*, *G & G Closed Circuit Events, LLC v. La Famosa, Inc.*, 2020 WL 3129540, at *6-7 (D.N.J. June 12, 2020); *G & G Closed Circuit Events, LLC v. Don Tequila Bar & Grill L.L.C.*, 2020 WL 133033, at *3 (D.N.J. Jan. 13, 2020), and as this Court has done in the past, *see J&J Sports Prods. v. Z & R Corp.*, 2020 WL 4529995, at *3 (D.N.J. Aug. 6, 2020). Here, the Court again applies the rationale underlying those decisions, looks to the license fee plaintiff would have charged an establishment of Black N' White Bar's capacity, and awards $5,000 in statutory damages. (*See* Gagliardi Aff. ¶ 8 & Exs. B & C.) Plaintiff also seeks to have defendants' profits added to this amount. (Moving Br. 14.) Despite the discrepancy in the record evidence – plaintiff's investigator certified that he paid a $20 cover charge to enter the establishment (Gagliardi Aff. Ex. B at 1) but Black N' White Bar's Facebook advertisement for the

7

Program displays a $5 cover charge (D.E. 10-2 at 1-2) – the Court will award an additional $1,600, which is roughly equal to double the amount defendants took in from entry fees associated with the illegal broadcast based on the submissions to the Court.

With respect to enhanced damages, plaintiff certifies that its programming cannot be mistakenly intercepted and affirmative steps would have to be taken to do so. (Gagliardi Aff. ¶¶ 9-10, 14.) Moreover, the Program was broadcast at Black N' White Bar, a commercial establishment, permitting an inference that defendants' actions were taken for commercial advantage or pecuniary gain. *Joe Hand Promotions, Inc. v. Waldron*, 2013 WL 1007398, at *3 (D.N.J. Mar. 13, 2013). As such, additional, or enhanced, damages under 47 U.S.C. § 605(e)(3)(C)(ii) will be awarded. Five factors inform the appropriate amount of an enhanced damages award:

> (1) whether the defendant has intercepted unauthorized broadcasts repeatedly and over an extended period of time; (2) whether it reaped substantial profits from the unauthorized exhibition in question; (3) whether the plaintiff suffered significant actual damages; (4) whether the defendant advertised its intent to broadcast the event; and (5) whether the defendant levied a cover charge or significant premiums on its food and drink because of the broadcast.

*Batra*, 2017 WL 838798, at *4 (citing *Waldron*, 2013 WL 1007398, at *7). Here, plaintiff provides no evidence regarding the first three factors. Plaintiff, however, alleges that defendants advertised the Program in advance of the fight on social media. (Moving Br. 19; D.E. 10-2 at 1-2.) Moreover, while plaintiff's investigator

8

certified that Black N' White Bar had a cover charge the night of the broadcast, he did not seek to determine whether food or drink was priced at a premium for the Program. (Gagliardi Aff. Ex. B.) Under these circumstances, the Court will award $2,500 under 47 U.S.C. § 605(e)(3)(C)(ii), which, together with the statutory damages awarded, equals $9,100; an amount one-and-one-half times what defendants would have had to pay to lawfully broadcast the Program plus double the approximate amount collected in entry fees.

Under 47 U.S.C. § 605(e)(3)(B)(iii), the Court must "direct the recovery of full costs," including reasonable attorneys' fees, to a prevailing plaintiff. In accordance with L. Civ. R. 54.1 and 54.2, plaintiff shall file its motion for costs and attorneys' fees within 30 days after the date of entry of the order and judgment accompanying this opinion.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court will grant plaintiff's motion for default judgment and award damages in an amount totaling $9,100. An appropriate order and judgment will follow.

<u>/s/ Katharine S. Hayden</u>
Date: June 30, 2021                    Katharine S. Hayden, U.S.D.J